[No. 18859. Department Two. November 25, 1924.]

## S. LOFGREN et al., Plaintiffs, v. THE SUPERIOR COURT FOR KITSAP COUNTY et al., Respondents.[1]

EMINENT DOMAIN (156)—APPEAL—REVIEW—FINDINGS AS TO PUB-LIC USE AND NECESSITY. The condemnation of a strip of land by a port district for the purpose of widening a narrow wharf of six-teen feet, when necessary to safely accommodate travel and traffic, is authorized by Const., Art. 1, § 16, and Rem. Comp. Stat., § 925, where there was evidence that the taking is for a public use, con-venience and necessity.

Certiorari to review an order of the superior court for Kitsap county, French, J., entered September 2, 1924, adjudging a public use and necessity in condem-nation proceedings. Affirmed.

*Carl J. Smith,* for plaintiffs.

*Marion Garland,* for respondents.

MITCHELL, J.—The Port of Eglon, a municipal cor-poration of Kitsap county, being duly authorized so to do, passed a resolution finding and declaring that certain real property, consisting of .77 of an acre, be-longing to S. Lofgren and May Lofgren, husband and wife, and Carl G. Johnson, abutting on a wharf now owned and operated by the port district, was needed and required for the public use, convenience and ne-cessity of the port, and directing that condemnation proceedings be had in the superior court of that county for the taking and condemnation of such property. A proper petition for that purpose was filed in the su-perior court of Kitsap county, and upon service on, and appearance by, the property owners the matter was heard, upon which an order of public use and ne-cessity was made by the court and entered of record.

[1]Reported in 230 Pac. 156.

From that order, Lofgren and wife have taken the cause to this court for review.

The law applicable to the case is the concluding part of § 16, of art. 1, of the state constitution, and § 925, Rem. Comp. Stat. [P. C. § 7650]. The provision of the constitution is:

"Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public."

The statute referred to says:

"At the time and place appointed for hearing said petition, or to which the same may have been adjourned, if the court or judge thereof shall have satisfactory proof that all parties interested in the land, real estate, premises or other property described in said petition, have been duly served with said notice as above prescribed, and shall be further satisfied by. competent proof that the contemplated use for which the land, real estate, premises or other property sought to be appropriated is really a public use, . . . and that the public interest requires the prosecution of such enterprise . . . and that the land, real estate, premises or other property sought to be appropriated are required and necessary for the purposes of such enterprise, the court or judge thereof may make an order, to be recorded in the minutes of said court, directing the sheriff to summon a jury."

Upon the return made here to the writ of review issued out of this court, it appears that, at the hearing in the superior court, the petitioner therein, pursuant to the law above cited, introduced in evidence the resolution of the commissioners of the port district, hereinbefore mentioned, and, in addition thereto, oral testimony to show that the land sought to be taken is necessary in order to widen its present narrow wharf

of sixteen feet in order to safely accommodate the travel and traffic of the patrons of the port district, and that the property would be used for that purpose. On the part of the property owners, there was evidence controverting that of the petitioner; nevertheless, upon a due consideration of all of the evidence, we are satisfied that it does not preponderate against the order and finding of the superior court declaring that the taking "is for a public use, convenience and necessity."

Judgment affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.